UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL WHITTINGTON, et al.,<br><br>　　　　Defendants. | Case No. 5:18-cv-02581-EJD<br><br>**ORDER PROVISIONALLY GRANTING PLAINTIFF'S ADMINISTRAIVE MOTION TO CONTINUE TO PROCEED ANONYMOUSLY**<br><br>Re: Dkt. No. 61 |

Presently before the court is Plaintiff Jane Doe's administrative motion to continue to proceed anonymously. Dkt. No. 61. The court previously instructed Plaintiff to file this motion after denying a stipulation on this topic. Dkt. No. 57. No defendant filed an opposition within the time permitted by Civil Local Rule 7-11.

Since a current balancing of the relevant interests favors Plaintiff, this motion will be provisionally granted - with a cautionary statement and with instructions - for the reasons explained below.

**I.　LEGAL STANDARD**

The Ninth Circuit approves a party's request to proceed anonymously "when special circumstances justify secrecy." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000) ("Advanced Textile"). The court must conduct a balancing of interests to assess such a request: "[A] party may preserve his or her anonymity in judicial proceedings . . . when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Id. at 1068.

Case No.: 5:18-cv-02581-EJD
ORDER PROVISIONALLY GRANTING PLAINTIFF'S ADMINISTRAIVE MOTION TO CONTINUE TO PROCEED ANONYMOUSLY

1

When, as here, a pseudonym is proposed to protect a party from possible retaliation, "the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." Id.

The court must also "determine the precise prejudice at each stage of the proceedings to the opposing party, and whether the proceedings may be structured so as to mitigate that prejudice." Id. This is because "a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses." Id. Furthermore, "the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." Id. at 1069.

## II. DISCUSSION

### A. Severity of Harm, Reasonableness of Fears, and Vulnerability

Plaintiff claims that requiring her to proceed in her own name may cause economic harm, or may cause her to experience embarrassment or humiliation.

As to economic harm, Plaintiff believes her job could be at risk if her identity is revealed. Plaintiff states she is a Prosecution Docketing Supervisor at a large law firm with "a reputation for being quite conservative . . . in the sense of being risk-averse and slow to change." Plaintiff is "aware of attorneys and staff being terminated for engaging in conduct that is potentially embarrassing to the firm." She further surmises that the firm's patent clients "would be unhappy to know that [she] was charged with a serious felony" and might ask the firm to reassign Plaintiff from their cases.

As to embarrassment or humiliation, Plaintiff states that "[c]riminal charges are stigmatizing, and the charge in this case is particularly stigmatizing because it involves gang allegations and charges against [] co-defendants." Plaintiff further "dreads to explain to friends and acquaintances" details about her arrest, incarceration, prosecution, exoneration, and this litigation.

Case No.: 5:18-cv-02581-EJD
ORDER PROVISIONALLY GRANTING PLAINTIFF'S ADMINISTRAIVE MOTION TO CONTINUE TO PROCEED ANONYMOUSLY

2

Plaintiff's articulation of potential harm is sufficient to tip the relevant factors in her favor - at least for now. Based on her statements, the court accepts there is at least some degree of likelihood she could experience negative employment or social consequences, or both, if her identity is revealed in this action.

At the same time, the court is not convinced that Plaintiff's showing is particularly compelling when compared to the harms which have justified orders permitting other parties to proceed anonymously. To be sure, Plaintiff is not a member of a uniquely vulnerable or powerless class, such as a temporary worker or a minor. See id. at 1072. Moreover, other than speculation and unidentified "attorneys and staff," she offers no concrete examples to strengthen her employment-related claims, and does not point to a specific policy of her employer which, if violated, would place her position at risk. See id. at 1071 (holding that though a plaintiff need not prove intended retaliation to proceed anonymously, the evidence must be such that "a reasonable person would believe that the threat might actually be carried out"). Thus, what she has articulated so far is possible economic harm, not plausible economic harm. Possibility is enough for now, but may not be enough to maintain the balance in her favor throughout this case.

Furthermore, and while not discounting Plaintiff's ordeal with the state criminal justice system, the court recognizes the main purpose of this case is to vindicate Plaintiff's rights after she was found factually innocent of the criminal activity for which was arrested and charged. To the extent Plaintiff seeks anonymous status to disentangle from the criminal charges, the explanation of factual innocence rings triumphant rather than unduly embarrassing or humiliating. Plaintiff fought the law, and she won; the arrest was deemed not to have occurred, and most records documenting the prosecution were ordered destroyed. This fact renders Plaintiff's fear of embarrassment or humiliation somewhat hollow.

To the extent Plaintiff seeks to disentangle from her own conduct or her own associations with certain individuals - some of which is alleged in the complaint aside from the arrest and criminal charges - the court notes such a purpose is inadequate to support an order to proceed

Case No.: 5:18-cv-02581-EJD
ORDER PROVISIONALLY GRANTING PLAINTIFF'S ADMINISTRAIVE MOTION TO CONTINUE TO PROCEED ANONYMOUSLY

3

anonymously. The potential consequences that may result from these allegations are not and will not be considered a valid basis to obtain or maintain anonymous status.

### B. Prejudice to Defendants

Defendants did not respond to explain how permitting Plaintiff to proceed anonymously would prejudice them in this case. In fact, they previously stipulated to this relief.

With appreciated candor, Plaintiff suggests her anonymous status may complicate Defendants' future ability to obtain records from third parties if such discovery becomes necessary. Plaintiff also points out, however, that this prejudice can be mitigated through protective orders or can be remedied by a reconsideration of this order. The court agrees. As such, there is no presently identifiable prejudice to Defendants weighing against the instant relief.

### C. Public Interest

This case implicates the significant public interest of ensuring the accountability of the police and local government. As the case is currently positioned, this interest is not burdened if Plaintiff is permitted to proceed anonymously. More important at this point are Plaintiff's allegations, not necessarily her identity. This factor does not weigh against relief as of now.

## III. ORDER

Based on the foregoing, the court finds, at least at this time, that Plaintiff's interest in preserving anonymity outweighs any prejudice to Defendants and the public's interest in knowing Plaintiff's identity. Therefore, the administrative motion to continue to proceed anonymously (Dkt. No. 61) is provisionally GRANTED.

This result means the court will reassess the propriety of permitting Plaintiff to proceed anonymously throughout all stages of this litigation, as required by Advanced Textile. Depending on the path this case takes and what circumstances present in the future - during discovery proceedings, motion practice and through trial - the prejudice to Defendants or the public's interest in knowing Plaintiff's identity, whether separately or together, may eventually outweigh Plaintiff's interest in maintaining anonymity. The court therefore advises Defendants to file an

Case No.: 5:18-cv-02581-EJD
ORDER PROVISIONALLY GRANTING PLAINTIFF'S ADMINISTRAIVE MOTION TO CONTINUE TO PROCEED ANONYMOUSLY
4

administrative motion to revisit Plaintiff's anonymous status if they believe it has become detrimental to litigation efforts. The court may also reconsider this issue sua sponte.

Specific to discovery, and as Plaintiff suggests in her proposed order, the parties are ordered to meet and confer to mitigate any prejudice to Plaintiff or any defendant should discovery be necessary from a third party. The parties may submit a stipulation and proposed order should they determine that a court order for confidentiality should accompany any Federal Rule of Civil Procedure 45 subpoena that would necessitate revealing Plaintiff's identity. Any stipulation on that topic is REFERRED to the assigned magistrate judge. If the parties cannot agree on a proposed solution, they shall present their dispute as a joint report to the assigned magistrate judge, in a manner consistent with the judge's applicable standing order.

Moreover, this order should not be interpreted so as to condone or require closed or sealed court proceedings. It does not, given that in-court matters are presumptively open. See, e.g., Richmond Newspaper, Inc. v. Virginia, 448 U.S. 555, 580 n.17 (1980). The court does not intend to conduct closed hearings in this action absent a showing justifying the need for a confidential procedure.

**IT IS SO ORDERED.**

Dated: August 21, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-02581-EJD
ORDER PROVISIONALLY GRANTING PLAINTIFF'S ADMINISTRAIVE MOTION TO CONTINUE TO PROCEED ANONYMOUSLY
5