UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE,<br>　　　　Plaintiff,<br>　v.<br>MICHAEL WHITTINGTON, et al.,<br>　　　　Defendants. | Case No. 5:18-cv-02581-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS** |

Plaintiff Jane Doe ("Plaintiff") brings this civil rights action to recover on false arrest and related imprisonment claims against four sets of defendants: (1) Michael Whittington, the County of Santa Clara, Dale Morgan, Jeffrey Rosen, and Laurie Smith (collectively, the "County"); (2) the City of San Jose ("San Jose"); (3) the City of Gilroy, Gilroy Police Officers Dustin O'Dell and Juan Rocha (collectively "Gilroy"); and (4) Erik Cortes (collectively "Defendants"). Plaintiff alleges law enforcement officials within Santa Clara County, acting under color of law, arrested her without probable cause or a warrant in order to extract information from her about her gang-related co-defendants. The principle issue in this action is whether probable cause existed for her arrest when she was later deemed factually innocent by a California Superior Court Judge.

Defendants County and Gilroy move to dismiss for failure to state a claim under Federal Rules of Procedure 12(b)(6). For the reasons stated below, the court GRANTS in part and DENIES in part Gilroy and County's motion. This court has federal jurisdiction to hear this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction) over Plaintiff's state law claims.

## I. BACKGROUND[1]

In August of 2014, Plaintiff wanted to buy a used car and asked her then-boyfriend Mr. Ismael Rosas if he knew of one, given that he owned a body shop in Gilroy. Dkt. No. 1 ¶¶ 21, 22 ("Compl."). At the end of August, Mr. Rosas brought a 2005 BMW sedan to her home, told her the car was being offered for sale by a friend for $5,000, and asked her if she wanted to take it for a test drive. *Id*. ¶¶ 28, 29. Plaintiff ultimately decided she wanted the car and headed to Expo Auto Sales in Gilroy a few days later to make the purchase. *Id*. ¶ 32.

On Labor Day, Plaintiff arrived at the dealership to find Mr. Rosas standing outside the door to the building. *Id*. ¶ 32. Plaintiff paid $5,000 cash to Mr. Rosas under the assumption that Mr. Rosas would pay the used car dealer, Mr. Cortes. *Id*. ¶ 33. While inside, Plaintiff signed the necessary paperwork that Mr. Cortes provided. Plaintiff left the dealership before she finalized the sale with the understanding that Mr. Rosas would complete the transaction. *Id*. ¶¶ 35, 36. Mr. Rosas brought the car by her home later that evening along with the finished paperwork. *Id*. ¶ 37.

Behind the scenes, according to Plaintiff, Mr. Rosas was engaged in an extortion scheme without her knowledge. Plaintiff alleges that Mr. Rosas had originally obtained the car from Mr. Cortes in the form of a debt collection. *Id*. ¶¶ 23-27. Plaintiff states that according to Mr. Acosta—Mr. Rosas's friend—Mr. Rosas had called Mr. Acosta in need of money. *Id*. ¶ 23. Mr. Acosta, then located in Mexico, told Mr. Rosas that a man named Mr. Cortes owed Mr. Acosta money and that Mr. Rosas could collect the debt from Mr. Cortes and repay him later. *Id*. ¶ 23.

According to Plaintiff, three men, Mr. Rosas, Rey Ramirez, and Diego Josue Pulido Molina, paid several visits to Mr. Cortes at the dealership in August 2014 demanding payment of $9,000. Afraid of the men because they "looked like gang members" Mr. Cortes gave them the car in satisfaction of the debt. *Id*. ¶ 24. According to Plaintiff, A DEA wiretap on Mr. Ramirez revealed that Mr. Ramirez took the BMW from Mr. Cortes no later than August 19, 2014. *Id*. ¶ 25. The wiretap also revealed that Mr. Rosas took possession of the BMW on August 28, 2014 so

---

[1] The background is a summary of the allegations in the complaint (Dkt. No. 1) that are relevant to Defendants' motions to dismiss.

that it could be serviced. *Id.* ¶ 26. Mr. Ramirez was subsequently arrested on drug charges. *Id.* ¶ 26. Plaintiff states that "[n]one of the wiretap calls in which the extortion scheme were revealed mention [her] or implicate her in any way." *Id.* ¶ 27.

On June 22, 2016, charges were filed in Santa Clara County Superior Court against Plaintiff alleging one count of extortion, in violation of Penal Code sections 518-520. *Id.* ¶ 67. Mr. Rosas, Mr. Molina, and Mr. Ramirez were also charged with extortion as well as gang-related charges. *Id.*

On June 30, 2016, police officers arrived to Plaintiff's house and ordered her to come outside, arrested her for extortion, and took her to the Gilroy Police Department to be booked and processed. *Id.* ¶ 61. At the time of the arrest, Plaintiff alleges that the arresting officer, DOE 31, possibly a San Jose Police Officer, said a warrant existed for her arrest; however, DOE 31, nor the two Gilroy Police Officers, Officer O'Dell and Officer Rocha, ever presented a warrant. Plaintiff was later transferred to the Santa Clara County Main Jail. At the jail, officers patted her down, took her fingerprints, and swabbed her mouth for DNA. *Id.* ¶ 62. Several hours later Plaintiff was taken to the Santa Clara County Elmwood Correctional Facility. At the Correctional Facility, officers required her to strip naked and gave her jail-issued clothes to wear. *Id.* ¶ 64. Several hours later, officers transported Plaintiff to the Santa Clara County Superior Court Hall of Justice for her arraignment. *Id.* ¶ 65. The court ordered Plaintiff's release as opposed to being held on $100,000 bail. *Id.* ¶ 65.

Plaintiff alleges no warrant existed for her arrest. According to Plaintiff, Deputy District Attorney, Ms. Seiler, told Plaintiff's attorney that a Magistrate Judge issued a warrant based on a police report. *Id.* ¶ 70. Another Deputy District Attorney, Ms. Pozos, stated that the Santa Clara County's Criminal Justice Information Control database ("CJIC") indicated that an arrest warrant had been issued on June 22, 2016, but neither Investigator Whittington nor Investigator Morgan had a copy of it. *Id.* ¶ 70. A clerk of the court advised Plaintiff's attorney that a warrant would be located in the court files if one existed. Plaintiff's attorney could not locate a warrant within the

court files. *Id.* ¶ 68. On October 26, 2017, the Honorable Deborah Ryan, Santa Clara County Superior Court Judge, found Plaintiff to be factually innocent. *Id.* ¶ 91; Dkt. 35, Ex. B.

Plaintiff now brings this suit against the parties involved her in arrest for the financial and emotional damage it caused her. Plaintiff asserts each of the Defendants' acts or omissions proximately caused and were substantial factors in her harm. *Id.* ¶¶ 98, 106, 122, 138, 154, 170, 186, 196, 206.

Plaintiff filed the instant suit on May 2, 2018 alleging eleven causes of action: (1-2) two state-law claims under California Constitution, Art. 1, § 13; and California Penal Codes §§ 146, 236 for an arrest in a home without a warrant and without probable cause, against all Defendants except Erik Cortes; five federal claims under § 1983 against all Defendants except for Erik Cortes for: (3) an arrest in the home without a warrant; (4) an arrest without probable cause; (5) an unlawful strip search; (6) excessive bail; (7) an unlawful collection of DNA; (8-9) two claims under § 1983 against Investigator Michael Whittington, Investigator Dale Morgan, County of Santa Clara, and District Attorney Jeffrey Rosen for malicious prosecution and judicial deception; (10) a breach of contract claim against Erik Cortes; and (11) a claim for fraud in the inducement against Erik Cortes. *Id.* ¶¶ 93-218. The instant motions followed. Dkt. Nos. 34, 35, 46, 50, 51, 54, 58. Plaintiff subsequently agreed to dismiss Defendants District Attorney Jeffrey Rosen and Sherriff Laurie Smith from this action. Dkt. 54 at 5-6. Plaintiff also subsequently stipulated to a dismissal of Defendant City of San Jose without prejudice. Dkt. No. 75.

Gilroy moves to dismiss all complaints for failure to state a claim and for Plaintiff's failure to comply with the California Tort Claims Act. Dkt. No. 34. The County partially moves for a dismissal of Plaintiff's first through ninth causes of action for failure to state a claim upon which relief can be granted along with asserting a complete defense. Dkt. No. 50. Defendant Erik Cortes has not otherwise responded to Plaintiff's complaint.

Case No.: 5:18-cv-02581-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS
4

## II. LEGAL STANDARDS

### A. Motions to Dismiss

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (internal citations omitted). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." *Twombly*, 550 U.S. at 555-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1998). "[M]aterial which is properly submitted as part of the complaint may be considered." *Hal Roach Studios*, 896 F.2d at 1555 n.19. 1542, 1555 n.19. But courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. *Twombly*, 550 U.S. at 555.

### B. Leave to Amend

If the court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (quoting *Doe v. United States*, 58 F.3d at 497). Leave to amend can be properly denied where the amendment of the

Case No.: 5:18-cv-02581-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

5

complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

## III. DISCUSSION

### A. Plaintiff's First and Second Causes of Action Against Gilroy and County (Counts I and II)

Plaintiff asserts her first and second causes of action for false arrest and false imprisonment in violation of Article I, § 13 of the California Constitution and California Penal Codes §§ 146 and 236. Gilroy and County seek dismissal of these causes of action, contending that Plaintiff did not comply with the California Tort Claims Act ("CTCA"), which requires, as a condition precedent to file suit against a public entity, the timely presentation of a written claim to the public entity. Cal. Gov. Code § 945.4. In particular, a claimant must present a claim for personal injury "not later than six months after the accrual of the cause of action." *Id*. § 911.2. Resolution of Defendants' motions to dismiss the first and second causes of action requires the court to first determine the date on which Plaintiff's cause of action accrued.

Under the CTCA, "the date of accrual is the same date on which the cause of action would accrue if there were no claims requirement." *Rason v. Santa Barbara City Hous. Auth.*, 201 Cal. App. 3d 817, 822 (Cal. Ct. App. 1988). "A cause of action for false arrest accrues on the arrest and is actionable immediately." *Mohlmann v. City of Burbank*, 179 Cal. App. 3d 1037, 1041 n.1 (Cal. Ct. App. 1986). A cause of action for false imprisonment accrues on the person's release from incarceration. *Torres v. Department of Corrections & Rehabilitation*, 158 Cal. Rptr. 3d 876, 879 (Cal. Ct. App. 2013); *Collins v. County of Los Angeles*, 50 Cal. Rptr. 586, 589-590 (Cal. Ct. App. 1966) (finding a false imprisonment cause of action accrues upon plaintiff's release from physical confinement).

Here, Plaintiff was arrested on June 30, 2016 and released from custody on July 1, 2016, and Plaintiff acknowledges in the complaint that she did not file claims with Santa Clara and Gilroy within six months of her arrest or release. Compl. ¶ 95. Instead, Plaintiff contends that her

Case No.: 5:18-cv-02581-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

6

failure to file claims within six months of her arrest constitutes "excusable neglect" (*id*.), and that the "discovery rule" postpones the accrual of her causes of action. Dkt. No. 45 at 7. Plaintiff reasons that she did not discover and could not have reasonably discovered that there was no probable cause for her arrest and that no arrest warrant was likely issued until May 19, 2017, the date on which the prosecutor stated that the basis for probable cause for her arrest was in a police report. Under these circumstances, Plaintiff contends that her claims, which were filed within six months of May 19, 2017, should be deemed timely.

Plaintiff's reliance on the discovery rule is misplaced. The discovery rule is typically applied to salvage claims that would otherwise be time-barred where "someone . . . has no idea he has been harmed." *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1147 (9th Cir. 2002). For example, the discovery rule has been invoked in cases involving medical malpractice claims. *See Collins v. County of Los Angeles*, 50 Cal. Rptr. 586, 590; *see also Fox v. Ethicon Endo-Surgery Inc.*, 110 P.3d 914 (Cal. 2005) (discovery rule delayed accrual of product liability claim where plaintiff alleged that she did not suspect, nor did she have reason to discover, that the surgery stapler malfunctioned, until plaintiff took the deposition of her surgeon). The discovery rule has also been invoked in cases involving personal injury claims caused by environmental contamination. *See e.g.*, *O'Connor*, 311 F.3d at 1149. No California court, however, has applied the discovery rule to salvage claims for false arrest and imprisonment. To the contrary, at least one California Court of Appeal has rejected application of the discovery rule to delay the accrual of claims for false arrest and imprisonment. *See Collins*, 50 Cal. Rptr. 586 at 590-591. In *Collins*, the plaintiffs argued that their claims accrued when the criminal trial against them commenced, and not at the time of arrest. The Collins court rejected plaintiffs' argument, reasoning that plaintiffs were well aware of their arrest and imprisonment on the day the events occurred; the plaintiffs dealt with the deputy sheriffs at arms-length; there was no allegation that defendants' conduct caused plaintiffs to delay filing their claims, nor allegations that plaintiffs used reasonable, or in fact, any diligence to determine the cause or reason for their arrest. *Id*. at 591.

Case No.: 5:18-cv-02581-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

7

Like the plaintiffs in *Collins*, Plaintiff in this case knew upon her arrest that she was being deprived of her liberty and imprisoned. Given Plaintiff's protestations of innocence, it is reasonable to assume that immediately upon her arrest and imprisonment, Plaintiff would have been reasonably suspicious that her arrest and imprisonment were unlawful. Plaintiff may not have immediately known that no arrest warrant "was likely issued," but that is of no consequence. "[M]ere ignorance not induced by fraud, of the existence of facts constituting a cause of action on the part of plaintiff does not prevent the running of the statute of limitations." *Collins*, 50 Cal. Rptr. at 588.

Even if the court were to apply the discovery rule in this case, Plaintiff has failed to make the requisite showing that despite diligent investigation, Plaintiff could not have reasonably discovered facts supporting her causes of action within the requisite six-month period for presenting her CTCA claims. *See Fox v. Ethicon Endo-Surgery Inc.*, 110 P.3d 914, 920. Plaintiff was charged with extortion on June 22, 2016 and entered a "not guilty" plea on July 12, 2016. Compl. ¶ 67. Plaintiff's attorney requested all exculpatory evidence from the district attorney's office and acknowledges that she received "voluminous discovery" from July 16, 2016 through May 30, 2017. *Id.* ¶ 68. Plaintiff alleges on May 30, 2017 she "finally gained access" to a court file that allegedly would have included a warrant if there was one and discovered no warrant in this file. *Id.* Plaintiff also alleges that because the court never conducted a preliminary hearing, Plaintiff "never had an opportunity to discover what probable cause, if any, was the basis for the charge against her." *Id.* ¶ 69. Although this timeline explains the sequence of events, it fails to establish Plaintiff acted with due diligence. Plaintiff does not provide any reasonable explanation for the nearly year-long delay in discovering facts supporting her causes of action. Plaintiff does not allege that defendants concealed facts from her, nor does she allege any other facts to show she was prevented from determining the basis of her causes of action.

Plaintiff's first and second causes of action accrued no later than July 1, 2016, when Plaintiff was released from custody. Because Plaintiff failed to file her CTCA claims with Gilroy

Case No.: 5:18-cv-02581-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

8

and Santa Clara within six months of July 1, 2016, the first and second causes of action are untimely and therefore barred. Gilroy and County's motion to dismiss Plaintiff's first and second causes of action is granted.

### B. Plaintiff's Claim for her Arrest Inside Her Home Without a Warrant or Probable Cause Under 42 U.S.C. § 1983 Against Gilroy and County (Counts III and IV)

#### 1. Gilroy

Gilroy moves to dismiss Plaintiff's third and fourth causes of action because Plaintiff fails to allege that she was unlawfully seized by Gilroy police officers under the Fourth Amendment. Dkt. No. 34 at 18-19. Gilroy argues that Plaintiff's own allegations establish that she was arrested pursuant to a warrant. *Id*. at 13. In addition, Gilroy argues that even if the arrest warrant is later determined to be invalid, Gilroy officers cannot be held liable. *Id*. at 14. The court disagrees.

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must plead facts alleging defendants' actions under color of law deprived plaintiff of her constitutional rights. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

Here, Plaintiff alleges that her Fourth, Fourteenth, and Fifth Amendments were violated when she was ordered out of her home by police officers and ultimately arrested and imprisoned, thereby subjecting her to an unlawful search and seizure. Under the Fourth Amendment, applied to the states through the Due Process clause in the Fourteenth Amendment, Plaintiff has the right to be secure in her person, and any illegal arrest and subsequent search thereof, would be in violation of her Fourth Amendment right. *Terry v. Ohio*, 392 U.S. 1, 88 (1968); *Monroe v. Pape*, 365 U.S. 167, 171 (1961); *Henry v. United States*, 361 U.S. 98, (1959). Plaintiff argues that her arrest occurred on the false assertion that a warrant for her arrest had been issued. More specifically, Plaintiff alleges that three police officers came to her home in Gilroy and told her mother—sitting outside—that they wished to speak with Plaintiff. Compl. ¶ 60. An officer "walked from the public sidewalk, up the private sidewalk surrounded by lawn on both sides leading to steps to the front door" and confronted Plaintiff's mother. *Id*. ¶ 60. Plaintiff came to

the door and one of the officers "said that he had a few questions about an incident." *Id*. ¶ 60. Plaintiff asked, "what incident?" upon which the officer "ordered her to step outside." *Id*. Plaintiff complied and walked down the steps from her front door. *Id*. Plaintiff stepped off the bottom step onto her private sidewalk that led to a public sidewalk when DOE 31 ordered her to turn around and then placed handcuffs on her. *Id*. ¶ 61. The officer told Plaintiff a warrant existed for her arrest and that she was under arrest. *Id*. ¶ 60. At no time did any of the defendant officers show or provide Plaintiff with an arrest warrant.

Plaintiff's claim cannot be dismissed at this stage because Gilroy fails to show that a warrant or probable cause existed for her arrest. Instead, Gilroy simply argues that Plaintiff's own assertions show that she was arrested pursuant to a warrant and that even if the warrant exists and is later deemed invalid, Gilroy officers cannot be held liable. Gilroy's arguments are unconvincing.

First, Gilroy argues that Plaintiff states mutually exclusive theories of causation. She initially claims she was arrested without a warrant but later states that she was arrested pursuant to a warrant not provided to her. But Gilroy misconstrues Plaintiff's statements. Dkt. 34 at 19. In both causes of action and throughout Plaintiff's arguments she repeatedly states that her arrest occurred without an actual warrant and if one existed, she has not seen a copy, nor did any of the officers at the time of her arrest hold a copy of an arrest warrant. Plaintiff alleges in her complaint that the investigators "either deliberately or recklessly misled a magistrate in seeking an arrest warrant not supported by probable cause or falsely caused Defendants to believe that an arrest warrant was issued, in order to . . . arrest and imprison Jane Doe." Compl. ¶ 88. Thus, this court does not find that Plaintiff has alleged two mutually exclusive arguments. Plaintiff states that no warrant appears to exist and if one does exist, she has not seen it and it was obtained without probable cause.

Second, Gilroy argues that even if Plaintiff's arrest stemmed from an invalid arrest warrant, Gilroy officers cannot be liable because officers relying in good faith on a facially valid

Case No.: 5:18-cv-02581-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

10

warrant are entitled to qualified immunity even if found later to be invalid. The circumstances to which that applies are not present here. Gilroy does not show that any warrant existed valid or invalid. In this case, Gilroy officers ordered Plaintiff out of her home and arrested her telling her a warrant existed for her arrest. Gilroy states they "arrested Plaintiff pursuant to an arrest warrant obtained by the County" and that "they are entitled to rely upon such court order." Dkt. No. 34 at 22. Defendants have not produced a copy of the order they reference.

In taking Plaintiff's allegations as true and construing them in the light most favorable to her, the court finds that it cannot foreclose the possibility that Plaintiff has alleged a cognizable claim of unlawful seizure against Gilroy for false arrest and or false imprisonment without a warrant. Plaintiff has alleged that Gilroy Officers appear to have taken the word of another city officer and arrested her without any diligence into whether or not there was a warrant for her arrest. Gilroy has not produced evidence showing a warrant per Plaintiff's request. Plaintiff has sufficiently pleaded a cognizable claim for improper arrest without a warrant. *Nunes v. Superior Court*, 161 Cal. Rptr. 351 (Cal. Ct. App. 1980) (finding no California statutory requirement requiring a warrant to be shown before executing it, but defendant provided a copy of the warrant at the police station following his arrest); *United States v. McKenzie*, 446 F.2d 949, 954 (9th Cir. 1971) (finding execution and return of a search warrant valid when defendant was provided a copy of the warrant the day after the search). At this stage a basis for qualified immunity has not been shown. Qualified immunity may be raised in subsequent proceedings.

Accordingly, Plaintiff pleads her third and fourth claims with sufficient facts to support a cognizable legal theory. Gilroy's motion to dismiss Plaintiff's third and fourth cause of action is DENIED.

Gilroy also moves to dismiss Plaintiff's Fifth Amendment claims under her third and fourth causes of action because "the Fifth Amendment's due process clause only applies to the federal government." *Ross v. Santa Clara County Sheriff's Dep't*, 2014 U.S. Dist. LEXIS 165929, at \*17 (N.D. Cal. Nov. 26, 2014) (quoting *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir.

2008). The court agrees. Thus, Plaintiff's Fifth Amendment claim against Gilroy is DISMISSED without leave to amend.

Gilroy's argument that it is not required to provide a warrant is unpersuasive. Gilroy points to California Penal Code § 842 in stating that "[a]n arrest by a peace officer acting under a warrant is lawful even though the officer does not have the warrant in his possession at the time of the arrest." Cal. Penal Code § 842. However, Gilroy neglects to include the rest of the provision requiring a peace officer to show the warrant the officer is acting under as soon as possible when the defendant requests it. Cal. Penal Code § 842. Gilroy cites *Bagley v. City of Sunnyvale*, 2017 U.S. Dist. LEXIS 9948, at *21 (N.D. Cal. Jan. 24, 2017) (quoting *People v. Calabrese*, 123 Cal. Rptr. 2d 570, 574 (Cal. Ct. App. 2002) in support of its argument. Both cases refer to circumstances different than Plaintiff's. Both cases find a warrant is not needed to be shown to the defendant "as a prerequisite to its execution." *Calabrese*, at 85. These California cases do not state that an officer is not required to show a warrant alleged as basis for arrest at any given time or upon a defendant's request. In *Calabrese*, the court confirmed the existence of probable cause and the subsequent search warrant, which is not the case here. Plaintiff's main claim is that no warrant has ever been produced despite her many requests. Gilroy argues that she was arrested pursuant to a judicially enforced warrant for her arrest but no evidence of the warrant has yet to be provided.

### 2. County

Plaintiff alleges that Investigators Morgan and Whittington proximately caused her arrest because the basis of Investigator Whittington's report included "false and misleading statements." Dkt. No. 54 at 13. Investigator Morgan used this report to purportedly obtain an arrest warrant from a Magistrate Judge. *Id*. at 13. Consequently, the investigators are liable for the natural consequences of their actions.

County moves to dismiss Plaintiff's third and fourth causes of action against Investigators Whittington and Morgan because neither investigator participated in the arrest at her home. Dkt.

United States District Court
Northern District of California

1  No. 50 at 8. Plaintiff generally alleges in her complaint that investigators "performed the acts

2  alleged above." *Id*. at 9. County argues that because Plaintiff fails to plead facts specific to this

3  claim against the investigators, she is unable to state a claim for relief under section 1983. *Gibson

4  v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

Here, Plaintiff alleges in her complaint that multiple statements in the police report are "false and misleading." Compl. ¶¶ 72-87. For example, Plaintiff alleges Investigator Whittington left out exculpatory statements such as a statement by Mr. Cortes that he did not think Plaintiff knew anything about the extortion and that he assumed that Plaintiff thought Mr. Rosas had bought the car for her. *Id*. ¶ 78. Plaintiff alleges other facts within the report are misleading such as when Plaintiff stated she no longer wanted to deal with Mr. Rosas, Investigator Whittington wrote that she "pleaded ignorance," or when Investigator Whittington wrote that she "changed her story," Plaintiff argues she was clarifying after reflection. *Id*. ¶¶ 74, 76.

In support of her argument, Plaintiff cites *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (liability is imposed where defendant "does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]," quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis added by *Leer*)); *Arnold v. Int'l Bus. Machines Corp*., 637 F.2d 1350, 1355 (9th Cir. 1981) (the deprivation of a constitutional right that forms the basis of a § 1983 claim may be direct or indirect, and "can be established by showing that the defendant personally participated in a deprivation of the plaintiff's rights, or caused such a deprivation to occur").

"[A]n affidavit must inform the magistrate of all the essential facts with sufficient clarity to enable him to exercise his independent judgment." *United States v. Anderson*, 453 F.2d 174 (9th Cir. 1971). "Half-truths and misrepresentations as well as conclusory allegations can reduce the function of a magistrate to that of a rubber stamp upon the law enforcement officer's personal determination of probable cause." *United States v. Esparza*, 546 F.2d 841, 843 (9th Cir. 1976).

In taking Plaintiff's allegations as true and construing them in the light most favorable to

Case No.: 5:18-cv-02581-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

13

Plaintiff, the court finds that Plaintiff states a plausible claim that Investigator Whittington did not report Plaintiff's statements accurately creating a lack of foundation for probable cause to her arrest. *See e.g.*, *Esparza*, 546 F.2d at 844 (finding that a misrepresentation within an affidavit may not be fatal to a warrant, but substantial inaccuracies create a cumulative effect that if removed, would not support a finding of probable cause). All of Plaintiff's injuries stem from this alleged inaccurate report that Investigator Morgan allegedly used in obtaining a warrant for Plaintiff's arrest. At the pleading stage, Plaintiff has stated a cognizable theory that both investigators proximately caused a deprivation of her rights through the alleged false police report.

Accordingly, County's motion to dismiss Plaintiff's third and fourth causes of action against Investigators Whittington and Morgan are DENIED.

### C. Plaintiff's Claims of Unlawful Strip Search, Excessive Bail, and Unlawful Collection of DNA Against Gilroy and County (Counts V, VI, and VII)

Plaintiff alleges after her unlawful arrest she was strip searched, forced to give her DNA, and was subject to excessive bail. Compl. at 40-48. Plaintiff brings these three claims against both Gilroy and County on the same grounds that both Defendants are the proximate cause of these injuries. Both Defendants move to dismiss Plaintiff's claims because they did not participate in the events.

#### 1. Strip Search (Count V)

Gilroy moves to dismiss Plaintiff's unlawful strip search claim on the grounds that a Santa Clara County Sherriff's Correctional Deputy DOE 11 ordered her to strip search—not any Gilroy officers. Dkt. No. 34 at 23. Gilroy argues that "[w]here multiple defendants are involved, the pleadings must establish a nexus between each defendant's actions and the alleged deprivation of plaintiff's constitutional rights." *Burnell v. Marin Human Soc'y*, 2015 U.S. Dist. LEXIS 150607, at *25 (N.D. Cal. Nov. 5, 2015) (citations omitted). Similarly, County moves to dismiss this claim against Investigators Whittington and Morgan because they did not participate in the strip search. Dkt. No. 50 at 8.

The Fourth Amendment protects citizens from searches that are unreasonable. *Bell v.*

Case No.: 5:18-cv-02581-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

14

*Wolfish*, 441 U.S. 520, 588 (1979). Although "invasive and embarrassing" certain police department policies requiring strip searches of arrestees prior to entering custodial housing are generally reasonable under the Fourth Amendment. *Bull v. City and County of San Francisco*, 595 F.3d 964, 975 (9th Cir. 2010).

Here, multiple defendants are involved, and Plaintiff's pleadings establish a nexus between the alleged inaccurate statements Investigator Whittington wrote in a report that served as the basis for her alleged unlawful arrest by Gilroy officers to the cascading events that followed. Neither Gilroy nor the County has shown that lawful authority existed for Plaintiff's arrest.[2] Defendant has not provided evidence as to establish proof of a warrant. Plaintiff states a cognizable proximate cause theory that but for Gilroy and County's actions, she would not have been forced to a strip search. In analyzing proximate cause, "foreseeability or scope of risk created by the predicate conduct" is considered in determining whether there is a relation between the injury asserted and the underlying conduct. *See, e.g.*, *County of Los Angeles v. Mendez*, 137 S. Ct. 1539, 1548-49 (2017) citing *Paroline v. United States*, 134 S. Ct. 1710 (2014) (applying common law proximate cause issues in a use of force and warrantless search case to compensatory damages). The predicated conduct (unlawful arrest and creating a false report) is in direct relation to the injury of the strip search, which occurred subsequent to her arrest and prior to entering custody. Both Defendants could reasonably foresee that Plaintiff might be taken into custody and

---

[2] The court takes partial judicial notice of Gilroy's Exhibit B: an order by Santa Clara County Superior Court Judge Deborah Ryan. Dkt. No. 33. Federal Rule of Evidence 201(b) permits the court to judicially notice a fact that is not subject to reasonable dispute because it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." On a motion to dismiss, a court may take judicial notice of "matters of public record" without converting the motion into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). The court may take judicial notice of the existence of the court order but will not take notice to the contents within. 250 F.3d at 690 (stating on a motion to dismiss, a court may take judicial notice of another court's opinion—but not for the truth of the facts—for the existence of the opinion, which is not subject to dispute over its authenticity). *San Luis v. Badgley*, 136 F. Supp. 2d 1136, 1146 (E.D. Cal. 2000) (finding a court may take judicial notice of a document filed in court to establish the fact of such litigation, but not to assert truth to the matters asserted). Thus, the court takes judicial notice of the order generally, but not to the contents within.

subjected to a strip search based on their independent actions. Taking Plaintiffs claims as true, Gilroy and County as alleged are the proximate cause of Plaintiff's strip search injuries. "Plaintiffs can, subject to qualified immunity, generally recover damages that are proximately caused by any Fourth Amendment violation." *County of Los Angeles*, 137 S. Ct. at 1542, citing *Heck v. Humphrey*, 512 U.S. 477, 483 (1994). Thus, the court finds Plaintiff has pled sufficient facts to support a cognizable legal theory that Gilroy and County Defendants are the proximate cause of her unlawful strip search claim.

Accordingly, County and Gilroy's motion to dismiss Plaintiff's fifth cause of action is DENIED.

### 2. Excessive Bail (Count VI)

Similarly, Plaintiff's sixth cause of action alleges that because there was no probable cause for her arrest her bail amount set at "$100,000 was excessive and unreasonable." Compl. ¶ 158. She further alleges that setting the bail amount to $100,000 resulted in imprisonment following her false arrest—violating her Eighth, Fifth, and Fourteenth Amendment rights of the United States Constitution. *Id.* Gilroy moves to dismiss the sixth cause of action of excessive bail and due process on the grounds that Plaintiff "fails to set forth a viable COA against the Gilroy Defendants for these claimed violations . . . ." Gilroy Mot. at 17. County moves to dismiss the claims against Investigators Whittington and Morgan because neither participated in the setting of bail. Dkt. No. 58 at 3.

The Eighth Amendment prohibits excessive bail, excessive fines, and cruel and unusual punishment. U.S. Const. amend. VIII. The Due Process Clause of the Fourteenth Amendment protects individuals against government deprivations of "life, liberty or property." *Board of Regents v. Roth*, 405 U.S. 564, 570-71 (1972); U.S. Const. amend. XIV, § 1. "California vests judicial officers with the exclusive authority to enhance or reduce bail." *Galen v. County of Los Angeles*, 477 F.3d 562, 633 (9th Cir. 2007), citing Cal. Penal Code § 1269c.

Plaintiff applies her proximate cause argument to her excessive bail claim against both

Case No.: 5:18-cv-02581-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

16

1  Gilroy and County. However, under tort law principles of causation under § 1983 claims, the
2  Ninth Circuit finds that "a judicial officer's exercise of independent judgment in the course of his
3  official duties is a superseding cause that breaks the chain of causation linking law enforcement
4  personnel to the officer's decision." *Id*. at 633.

Accordingly, County and Gilroy's motion to dismiss Plaintiff's excessive bail claim is GRANTED without leave to amend.

### 3. Unlawful Collection of DNA (Count VII)

In her seventh cause of action, Plaintiff alleges the same underlying arguments that Defendants breached her Fourth and Fourteenth Constitutional rights to be free from unreasonable searches and seizures when they proximately caused her DNA to be collected. Compl. at ¶¶ 173-188. Gilroy moves to dismiss this claim as the "DNA collection took place at the County jail by a Corrections Officer employed by the County." Gilroy Mot. at 18. County moves to dismiss this claim on similar grounds that Investigators Whittington and Morgan did not participate in the DNA sampling. Dkt. No. 50 at 8.

Plaintiff argues Gilroy and County proximately caused her harm. The DNA sampling is the next event in a chain of events stemming from the Investigators alleged misreporting and Gilroy officers false arrest. DNA sampling from an arrested suspect while in custody is reasonably foreseeable. As such, Plaintiff has pleaded a cognizable theory sufficient to support a claim for relief.

Accordingly, County and Gilroy's motion to dismiss Plaintiff's unlawful collection of DNA claim is DENIED.

### D. Plaintiff's Malicious Prosecution and Judicial Deception Claims Under § 1983 Against Investigators Whittington and Morgan (Counts VIII and XI)

Plaintiff alleges, on information and belief, she was arrested and prosecuted without probable cause and her prosecution was instead for the primary purpose to coerce her to provide evidence against her co-defendants. Compl. at 48. Plaintiff alleges, on information and belief, that she was arrested on the false statement that a warrant for her arrest had been issued. *Id*. at 50.

She alleges the warrant was based on material misstatements and omissions, which if corrected would have failed to establish probable cause for its issuance. *Id.* According to Plaintiff, Investigators Whittington and Morgan acted in the scope of their employment when committing their acts and proximately caused Plaintiff's harm. Additionally, Plaintiff alleges both investigators acted with willful, wanton, malicious, and oppressive disregard for Plaintiff's rights. *Id.* at 50, 52.

Investigators Whittington and Morgan neither admit nor deny Plaintiff's claims. Instead, Defendants move for extension of time by filing a partial 12(b)(6) motion for both Plaintiff's eighth and ninth causes of action. *See e.g.*, *Reddy v. Nuance Communications, Inc.*, 2012 WL 12818726, at *1 (N.D. Cal. March 26, 2012), citing *Dymits v. Am. Int'l Group*, 2 Fed. App'x. 818, 820 (9th Cir. 2001).

Accordingly, Plaintiff's eighth and ninth causes of action remain.

### E. Plaintiff's *Monell* Claims Against Gilroy and County

Both Gilroy and County move to dismiss the *Monell* claims asserted against them by Plaintiff. County argues that because the County is a municipal corporation, as a governmental agency, it may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397 (1997). Further, County argues Constitutional claims against public entities under *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978) must be pled with specificity—bare allegations are insufficient. *AE v. County of Tulare*, 666 F.3d 631, 667 (9th Cir. 2012). The court agrees as to the *Monell* claims.

Here, Plaintiff fails to satisfy her burden in pleading enough sufficient facts to support a cognizable *Monell* claim against Gilroy or County. Plaintiff essentially states the same conclusory statements in each claim without any facts to support her theory. For example:

> Jane Doe is informed and believes and on that basis alleges that the County of Santa Clara [and Gilroy] has a formal or informal official policy, practice, or custom of permitting, consenting to, or acquiescing to Fourth Amendment violations and cover-ups of those violations by its employees. Jane Doe is informed and believes and

Case No.: 5:18-cv-02581-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

18

> on that basis alleges that Investigator Whittington's, Investigator Morgan's, and DOES 1-30's conduct alleged above conformed to the County of Santa Clara's formal or informal official policy, practice, or custom as alleged herein.

Compl. ¶ 112. This statement is repeated in claims four, five, six and seven.

> Jane Doe is informed and believes and on that basis alleges that the County of Santa Clara's [and Gilroy's] training policies were not adequate to prevent the violations of law alleged herein and failed to train an supervise its employees to handle the usual and recurring situations with which they must deal. Jane Doe is informed and believes and on that basis alleges that the County of Santa Clara was deliberately indifferent to the substantial risk that its policies were inadequate to prevent the violations of law alleged herein and to the known or obvious consequences of its failure to train its employees adequately.

Compl. ¶ 113. Similarly, here, Plaintiff has plead no facts supporting any training policies of which would be inadequate. Without mention of any policies or training type facts, Plaintiff is unable to put forth a cognizable theory that Defendants acted deliberately indifferent and were unable to prevent actions from its employees in violation of the laws alleged in her complaint. "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Accordingly, Plaintiff's Monell-type claims against the County and Gilroy at ¶¶ 112, 113, 128, 129, 144, 145, 106, 161, 176, 177, 192, 193, 202, and 203 are DISMISSED with leave to amend.

## IV. CONCLUSION & ORDER

1. Gilroy's request for judicial notice is partially granted and partially denied.
2. Counts I and II are DISMISSED with prejudice.
3. Counts III and IV in Gilroy's motion to dismiss are DENIED.
4. Counts III and IV against Investigators Whittington and Morgan in County's motion to dismiss are DENIED.
5. Count V in Gilroy's motion to dismiss is DENIED.
6. Count VI against Gilroy and County are DISMISSED without leave to amend.
7. Count VII in Gilroy and County's motion to dismiss are DENIED.

Case No.: 5:18-cv-02581-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

19

8. Plaintiffs Fifth Amendment Claim against County and Gilroy is DISMISSED without leave to amend.

9. Plaintiff's *Monell* claims against County and Gilroy are DISMISSED with leave to amend.

**IT IS SO ORDERED.**

Dated: March 29, 2019

_____
EDWARD J. DAVILA
United States District Judge